UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

RICARDO D. TOWNS,

        Plaintiff,

v.

ALGER CORRECTIONAL FACILITY,
et al.,

        Defendants.
_____/

Case No. 2:25-cv-88

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (overruled on other grounds). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that the Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way the Defendant is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain

a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred there. Plaintiff names the MDOC and LMF as the Defendants.

Plaintiff's complaint is scant. He alleges that he is "being denied [his] right to a[n] attorney-client privilege phone call and [is] being exposed to guys trying to listen to [his] conversation and

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

use it against [Plaintiff] in court." (Compl., ECF No. 1, PageID.3.) As relief, Plaintiff asks to be allowed to use the phone in his cell so that "no one can hear [him]." (*Id.*, PageID.4.)

## II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted *supra*, Plaintiff has only named the MDOC and LMF as the Defendants. Section 1983, however, expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Courts have long held that the MDOC is not a "person" within the meaning of § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), and holding that the MDOC is not a "person" for purposes of § 1983). For this reason alone, Plaintiff's complaint fails to state a § 1983 claim against the MDOC.

Additionally, states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and in numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Accordingly, Plaintiff fails to state a claim upon which relief can be granted against the MDOC.

With respect to Plaintiff's claims against Defendant LMF, the Court notes that LMF is not a separate entity capable of being sued. As this Court noted in *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934 (W.D. Mich. Oct. 28, 2013), "individual prisons named as Defendants . . . (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners. They are not the proper public entity for suit", *Id*. at *7; *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit . . . [; i]t is a department of the county . . . ."); *Caruthers v. Corr. Medical Serv., Inc.*, No. 1:10-cv-274, 2010 WL 1744881, at *1 (W.D. Mich. Apr. 27, 2010) ("The Duane Waters Hospital is not an entity capable of being sued. Rather, it is a building owned by the Michigan Department of Corrections."); *Poole v. Michigan Reformatory*, No. 09-CV-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009) ("Plaintiff names the Michigan Reformatory, the Earnest C. Brooks Correctional Facility, and the Macomb Correctional Facility as defendants in this action. Those entities, however, are institutions operated by the MDOC and are not . . . legal entities subject to suit . . . ."). Therefore, because neither the MDOC nor LMF is a "person" within the meaning of § 1983, Plaintiff's complaint is properly dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).[2]

---

[2] This dismissal is without prejudice so that if Plaintiff determines the names or identities of any of the individuals who have personally forced Plaintiff to take attorney calls within hearing distance of other inmates, he can file a new action naming those persons and specifically describing their acts. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of

6

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See McGore*, 114 F.3d at 610–11.

A judgment consistent with this opinion will be entered.

Dated: May 21, 2025

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge

---

federal rights" to state a claim upon which relief may be granted under § 1983) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).